Filed 5/21/15  P. v. Mooney CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES RAY MOONEY III,<br><br>    Defendant and Appellant. | F068343<br><br>(Super. Ct. No. CRM024295)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

James Ray Mooney III, appeals from a judgment of conviction entered after a jury found him guilty of a ttempted murder, assault with a firearm, and possession of a firearm by a felon.  Based on those convictions, and upon multiple enhancement allegations

which were found to be true, Mooney was sentenced to an aggregate term of 34 years to life in prison. He now asserts claims of insufficient evidence and sentencing error.

Mooney's challenge to the sufficiency of the evidence is meritless. With regard to sentencing, we conclude the trial court erred by imposing prior prison term enhancements on each count of conviction. Such enhancements do not attach to particular counts and may only be applied once. The unauthorized enhancements will be stricken, but the aggregate sentence remains the same since the trial court stayed the enhanced terms imposed under the subordinate counts. The abstract of judgment shall be amended to reflect the appropriate sentence and to correct certain clerical errors which the parties have identified. Subject to these modifications, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Mooney was charged by information with attempted murder (Pen. Code,[1] §§ 664, 187; Count 1), attempted robbery (§§ 664, 211; Count 2), assault with a firearm (§ 245, subd. (a)(2); Count 3), and possession of a firearm by a felon (§ 29800, subd. (a)(1); Count 4). Enhancement allegations were attached to these charges for unlawful firearm use and infliction of great bodily injury (§§ 12022.5, subd. (a); 12022.7, subd. (a); 12022.53, subd. (d)). It was further alleged that Mooney had served two prior prison terms within the meaning of section 667.5.

All offenses were alleged to have occurred on August 23, 2012. The case went to trial in May 2013. We summarize the evidence presented at trial in the light most favorable to the prosecution. (*People v. Sotomayor* (1996) 47 Cal.App.4th 382, 386.)

Sergio Higareda sustained a gunshot wound while working at an auto parts store in Merced. The shooting happened in front of two of his co-workers, Emily Espinoza and Luis Gallardo. The perpetrator entered the store, produced a small pistol from the backpack he was carrying, then pointed the gun at Mr. Higareda, who was standing

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

2.

approximately 15 feet away behind a service counter. The victim recognized the man as a past customer and did not believe the gun was real due to its size. He made a sarcastic comment and gesture at the sight of the weapon. The gunman reacted by firing a bullet into Mr. Higareda's chest.

Witnesses reported seeing two men loitering in front of the store prior to the shooting. The owner of a nearby business establishment helped police to identify one of these individuals as Michael Burgess. When detained for questioning, Mr. Burgess denied any wrongdoing but acknowledged being near the store during the relevant time period and having a brief encounter with two people whom he knew as "Smoke" and "Little Mainny." A search for these names in a law enforcement database revealed that "Little Mainny" was an alias or moniker used by James Mooney, who was listed in the system as one of Mr. Burgess's known associates.

Detectives included Mooney's picture among six images used in a photographic lineup which was shown to the victim and his store manager, Ms. Espinoza, approximately one week after the shooting. The victim picked Mooney out of the lineup, and subsequently identified him as the shooter at a preliminary hearing and again at trial. Ms. Espinoza did not select anyone from the lineup and was unable to identify Mooney in court. The other eyewitness, Mr. Gallardo, claimed that he never saw the shooter's face.

When examined at trial, the victim expressed certainty regarding his identification of Mooney as the shooter. The bright lighting inside of the store had allowed him to see the shooter's face clearly, and he looked the man directly in the eyes. On both direct and cross-examination, the victim testified to having no doubt that the defendant was the person who shot him.

The defense case was based on a general theory of third party culpability. Following his arrest, Mooney admitted that he had walked by the auto parts store on the night of the incident but denied any involvement in the shooting. He recalled having a brief conversation outside of the store with Michael Burgess, who at the time was

3.

accompanied by a person known as Smoke and someone else named "Manny" (not to be confused with his own nickname, "Mainny," which was short for "maniac"). Defense counsel argued that the shooter was probably one of the other men seen in front of the store and emphasized the lack of any forensic evidence to tie Mooney to the crime. A psychologist named Robert Showmer, Ph.D., was called to testify about his opinions regarding the lack of reliability in photographic lineup procedures and in-court identifications.

The jury acquitted Mooney of attempted robbery and all lesser included offenses under Count 2, but found him guilty as charged on the remaining counts. The firearm enhancements and great bodily injury allegations were found to be true. A bifurcated bench trial was held to determine the prior prison term allegations, which were also found to be true.

Mooney was sentenced as follows: As to Count 1, the middle term of seven years for attempted murder plus a consecutive term of 25 years to life pursuant to section 12022.53, subdivision (d), further enhanced by consecutive one-year terms under section 667.5 for each of his two prior prison terms. As to Count 3, a stayed sentence (§ 654) of 12 years calculated using the middle term of three years for assault with a firearm, plus consecutive terms of four years pursuant to section 12022.5, subdivision (a), and three years pursuant to section 12022.7, subdivision (a), further enhanced by consecutive one-year terms under section 667.5. As to Count 4, a concurrent two-year term for possession of a firearm by a felon, plus stayed one-year terms for each of the prison priors. A timely notice of appeal was filed on November 6, 2013.

## DISCUSSION

### Sufficiency of the Evidence

Mooney presents three arguments concerning the sufficiency of the evidence. Full reversal of the judgment is sought on grounds that the eyewitness identification testimony was unreliable. In the alternative, he submits that the attempted murder conviction

4.

cannot stand because there was no evidence of an intent to kill. Mooney further contends "there was no evidence that [he] possessed a firearm," which we will interpret as a challenge to the Count 4 verdict. His arguments are untenable.

The standard of review for a claim of insufficient evidence is deferential to the verdict. (*People v. Lochtefeld* (2000) 77 Cal.App.4th 533, 538.) We do not substitute our own interpretation of the record in place of the jury's determinations regarding witness credibility and disputed issues of fact. (*People v. Brown* (2014) 59 Cal.4th 86, 106; *People v. Jones* (1990) 51 Cal.3d 294, 314.) Instead, we review the entire record in the light most favorable to the judgment to determine whether there is evidence that is reasonable, credible, and of solid value such that a rational juror could find the defendant guilty beyond a reasonable doubt. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

It is well settled that a single eyewitness's identification of a suspect as the perpetrator of a crime is sufficient to sustain a conviction. (*People v. Boyer* (2006) 38 Cal.4th 412, 480; *People v. Anderson* (2001) 25 Cal.4th 543, 573-575; Evid. Code, § 411 ["Except where additional evidence is required by statute, the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact."].) "'The strength or weakness of the identification, the incompatibility of and discrepancies in the testimony, if there were any, the uncertainty of recollection, and the qualification of identity and lack of positiveness in testimony are matters which go to the weight of the evidence and the credibility of the witnesses, and are for the observation and consideration, and directed solely to the attention of the jury in the first instance. . . .'" (*People v. Mohamed* (2011) 201 Cal.App.4th 515, 522.) For a reviewing court to set aside a jury's finding of guilt on the basis of a questionable identification, "'the evidence of identity must be so weak as to constitute practically no evidence at all.'" (*Id*. at p. 521.)

The evidence of identity in this case cannot be characterized as insufficient. The victim unequivocally testified that Mooney was the person who shot him. A second

eyewitness, Ms. Espinoza, stopped short of positively identifying Mooney in court but agreed that he looked like the shooter and described the resemblance as "pretty dead on." Furthermore, the points and contentions which Mooney raises in his attempt to discredit the identification were argued at length by his trial counsel. When such issues are explored at trial and the eyewitness identification testimony is nevertheless believed by the trier of fact, the identification will be accepted on appeal as supported by substantial evidence. (See *People v. Young* (2005) 34 Cal.4th 1149, 1181 ["unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction"]; *People v. Elwood* (1988) 199 Cal.App.3d 1365, 1372 ["Purported weaknesses in identification testimony of a single eyewitness are to be evaluated by the jury."].)

We turn next to the element of intent in Count 1. Attempted murder requires the specific intent to kill, which may be inferred from a defendant's acts and the circumstances of the crime. (*People v. Smith* (2005) 37 Cal.4th 733, 741.) Here, it was uncontroverted that the perpetrator (whom the jury determined to be Mooney) fired a gunshot at Sergio Higareda from a distance of approximately 15 feet, causing a bullet to lodge in the victim's chest. "'The act of firing toward a victim at a close, but not point blank, range "in a manner that could have inflicted a mortal wound had the bullet been on target is sufficient to support an inference of intent to kill …."'" (*Id.* at p. 741.) "'"The fact that the shooter may have fired only once and then abandoned his efforts out of necessity or fear does not compel the conclusion that he lacked the animus to kill in the first instance. Nor does the fact that the victim may have escaped death because of the shooter's poor marksmanship necessarily establish a less culpable state of mind.'" (*Ibid.*) These principles compel us to reject Mooney's claim of insufficient evidence with respect to the required mental state.

We also reject the notion that Mooney should have been acquitted of unlawful firearm possession because the gun used in the shooting was never found. The elements

of the offense are conviction of a felony and ownership or knowing possession, custody, or control of a firearm. (§ 29800, subdivision (a)(1); *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1027.) Firearm possession and use may be established through circumstantial evidence. (See, e.g. *People v. Miranda* (2011) 192 Cal.App.4th 398, 410-411; *People v. Monjaras* (2008) 164 Cal.App.4th 1432, 1436-1437.) Thus, the evidence which supports Mooney's convictions under Counts 1 and 3 is also sufficient to prove that he possessed a firearm for purposes of Count 4.

**Imposition of Prior Prison Term Enhancements**

Section 667.5, subdivision (b) requires that a consecutive one-year enhancement be given for each prior separate prison term served by the defendant for any felony. The statute falls within a category of enhancements pertaining to the nature of the offender, as opposed to the nature of any predicate offense. (*People v. Tassell* (1984) 36 Cal.3d 77, 90 (*Tassell*), overruled on other grounds in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401; see § 1170.1, subd. (a).) Enhancements of the former variety do not attach to particular counts and are applied only once as the final step in calculating the total sentence. (*Tassell*, *supra*, 36 Cal.3d at p. 90.)

Mooney argues, and respondent concedes, that the trial court erred by imposing enhancements pursuant to section 667.5 for each count of conviction. The concession is appropriate. Accordingly, we will modify the judgment to remove any reference to particular counts with respect to the prior prison term enhancements and to vacate the portion of the sentence which ordered a stay of those enhancements as to Counts 3 and 4.

**Errors in the Abstract of Judgment**

Errors in an abstract of judgment should be corrected by a reviewing court when detected on appeal. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) The parties have identified two such errors. First, the abstract incorrectly states that the enhanced term of 25 years to life for Count 1 was imposed pursuant to section 12022.53, subdivision (a) instead of subdivision (d). Second, the abstract shows the concurrent

7.

two-year term imposed under Count 4 as being stayed, which is not accurate. The trial court only stayed imposition of the prior prison term enhancement for that count. Both errors must be corrected.

## DISPOSITION

The judgment is modified as follows: The two one-year prior prison term enhancements imposed pursuant to section 667.5 as to Counts 3 and 4 are vacated. The remaining section 667.5 enhancements totaling two years are imposed without reference to any particular count. The aggregate sentence remains 34 years to life in prison. The trial court is directed to prepare an amended abstract of judgment in accordance with these modifications and to forward a certified copy of same to the Department of Corrections and Rehabilitation. The amended abstract should further reflect that the term of 25 years to life for Count 1 was imposed pursuant to section 12022.53, subdivision (d), and that imposition of the concurrent two-year sentence for Count 4 is not stayed. As so modified, and in all other respects, the judgment is affirmed.

_____
GOMES, J.

WE CONCUR:

_____
CORNELL, Acting P.J.

_____
SMITH, J.

8.